# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ATAIN SPECIALTY INSURANCE )
  COMPANY, formerly known as USF )
  INSURANCE COMPANY, )
                                              )
     Plaintiff, )
                                              )
v. ) NO. CIV-11-1379-D
                                              )
TRIBAL CONSTRUCTION COMPANY; )
  NATIVE AMERICAN SERVICES CORP.; )
  and MILISSA LAWSON, Personal )
  Representative of the Estate of Jason )
  Lawson, Deceased, )
                                              )
     Defendants. )

## ORDER

Before the Court is the motion [Doc. No. 67] of Plaintiff Atain Specialty Insurance Company ("Atain"), seeking an award of attorney fees as the prevailing party on its claims against Defendant Native American Services Corp. ('NASCO") and Tribal Construction Company ("Tribal"). Atain seeks an award of $28,211.50. NASCO has objected to the motion,[1] and Atain filed a reply.

I. Background:

Atain brought this lawsuit as a declaratory judgment action, seeking a judgment that it has no duty to defend or indemnify the insureds under a Commercial General Liability Policy of insurance which was issued to Tribal and to which NASCO was named as an additional insured. More specifically, Atain argued it had no duty to defend or indemnify Tribal or NASCO in any lawsuit that might be brought on behalf of the estate of Jason Lawson, or any judgment that might

---

[1] NASCO's objection also includes argument regarding a separate Bill of Costs filed by Atain. That objection is not addressed herein because, pursuant to the Local Civil Rules of this Court, the Bill of Costs proceeding was handled by the Court Clerk, and the issues have been determined [Doc. No. 74].

be entered in connection with Jason Lawson's death. The Court found that Atain was entitled to a declaratory judgment that it has no duty to defend or indemnify Tribal and/or NASCO because the insurance policy contains an exclusion which precludes coverage for the incident underlying the death of Jason Lawson ("Lawson"). In its Order [Doc. No. 65], the Court granted Atain's summary judgment motion, and denied NASCO's cross motion. Judgment was entered in favor of Atain and against the defendants [Doc. No. 66].

Because it prevailed on its claim and the counterclaim asserted by NASCO, Atain argues it is entitled to an award of reasonable attorney fees pursuant to Okla. Stat. tit. 36, § 3629(B) (2011). In its objection, NASCO argues that the statute does not apply. Alternatively, NASCO contends any award should be reduced by two-thirds because there are three defendants in this case, and Atain prevailed only on its claims against NASCO. NASCO also argues that any fee awarded must be based only on the legal work performed during the time period after the date on which Lawson's estate filed suit against NASCO and Tribal.

II. Application:

As explained in detail in the Court's summary judgment Order [Doc. No. 65], Lawson died from injuries sustained in a 2010 accident. On July 12, 2011, Millisa Lawson, administratrix of Lawson's estate, provided written notice to NASCO and Tribal that she intended to file suit and seek damages against them for their alleged negligence in causing Lawson's death. NASCO and Tribal notified Atain of Ms. Lawson's intent to file suit, and requested coverage under the subject policy. Order [Doc. No. 65], citing Exhibits 8 and 9 to Atain's summary judgment motion. Atain responded by filing this declaratory judgment action, asserting that it had no duty to defend because certain policy exclusions preclude imposition of that duty.

2

At the time this suit was filed on November 21, 2011, Lawson's estate had not yet filed a lawsuit against NASCO or Tribal. In its amended answer and counterclaim [Doc. No. 35] filed in this action on April 17, 2012, NASCO sought the Court's ruling that Atain is required to defend and indemnify NASCO in connection with any lawsuit that might be filed with regard to the incident resulting in Lawson's death. In its answer to the counterclaim [Doc. No. 36], Atain denied liability to defend or indemnify NASCO and/or Tribal under the insurance policy.

In August of 2012, Lawson's estate filed a wrongful death action in the District Court of Noble County, Oklahoma, asserting claims against NASCO and Tribal (the "wrongful death action"). On August 22, 2012, NASCO made formal demand upon Atain that it assume the defense of NASCO in the wrongful death action pursuant to the insurance policy. A copy of NASCO's demand letter is attached as Exhibit 1 to Atain's motion for attorney fees. On September 4, 2012, Atain formally rejected that demand, asserting its argument that the insurance policy contained exclusions which precluded coverage of the incident underlying the wrongful death action. A copy of the letter is attached to Atain's motion as Exhibit 2. In the letter, Atain asserted the same arguments on which its declaratory judgment action is based.

In its current motion, Atain argues the Court's subsequent entry of judgment in its favor renders it a prevailing party. It contends it is entitled to an attorney fee award under Oklahoma law. The statute on which Atain relies in support of its motion provides in pertinent part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the

3

> loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

Okla. Stat. tit. 36, § 3629(B)(2011).

Atain argues that the requirements of the statute are satisfied because it received a proof of loss from NASCO and Tribal, it rejected their claim, and it subsequently prevailed in its declaratory judgment action in which the Court ruled that Atain has no duty to defend or indemnify NASCO or Tribal under the subject insurance policy.

As Atain contends, § 3629(B) applies to declaratory judgments involving liability or indemnity insurance coverage. *An-Son Corporation v. Holland-America Insurance Co.*, 767 F.2d 700 (10th Cir. 1985). Furthermore, the "proof of loss" requirement in § 3629(B) does not require submission of a particularized form so long as the insured provides notification to the insurer of the loss for which coverage is claimed. *Hambelton v. Canal Insurance Co.*, 405 F. App'x 321 (10th Cir. 2001) (unpublished opinion). "Any notice by an insured provides the insurer sufficient proof of loss if the notice 'serves the ultimate purpose of affording the insurer knowledge that can be acted upon.'" *Id.* at 323 (quoting *Dixson Produce, LLC v. Nat'l Fire Insurance Co. of Hartford*, 99 P.3d 725, 729 (Okla. Civ. App. 2004)). More specifically, the proof of loss requirement is satisfied where the insured notifies the insurer of a lawsuit for which coverage is demanded, and the insurer files a declaratory judgment action seeking a ruling that coverage is not required. *See Stauth v. National Union Fire Insurance Company of Pittsburgh*, 236 F.3d 1260 (10th Cir. 2001). In *Stauth*, the Tenth Circuit found that § 3629(B) permitted recovery of attorney fees to the insured who prevailed in a declaratory judgment action brought by the insurer to seek a declaration that it was not obligated to defend or indemnify its insured. *Id.* at 1264, 1266.

Based on the foregoing, the Court agrees with Atain that the communications between Atain, NASCO and Tribal satisfy the statutory requirements of a proof of loss and a rejection of the insured's claim.

NASCO argues, however, that the statute should not apply here because the decisions authorizing its application in declaratory judgment actions have granted attorney fees where the *insured* prevailed in opposing the insurer's declaratory judgment arguments. *See, e.g., Stauth*, 236 F.3d at 1266. Although NASCO is correct that most decisions applying the Oklahoma statute have involved lawsuits in which the insured prevailed, the Tenth Circuit has also held it applies where the insurance company is the prevailing party. *Grain Dealers Mutual Insurance Co. v. Farmers Alliance Mutual Insurance Co.*, 42 F. App'x 219, 221 (10th Cir. 2002) (unpublished opinion). According to the Circuit in *Grain Dealers*, the insurer's timely denial of coverage constituted a rejection of the claim within the meaning of the statute, and it was entitled to recover attorney fees in its successful pursuit of a declaratory judgment action. *Id.* (citing *Firstier Mortgage Co. v. Investors Mortgage Insurance Co.*, 930 F.2d 1508 (10th Cir. 1991)).

The Court concludes that § 3629(B) permits the recovery of a reasonable attorney fee in this action. Attain's assertion that the insurance policy exceptions precluded its obligation to defend or indemnify NASCO and Tribal is sufficient to constitute the required denial of NASCO's proof of loss, which was submitted in its letter requesting that Attain defend the insureds in the wrongful death action. As the prevailing party on its declaratory judgment claim and NASCO's counterclaim, Attain is entitled to recover a reasonable attorney fee.

NASCO also argues, however, that any fee award should be reduced because there were three defendants in this declaratory judgment action, and Attain was granted summary judgment

only on its claim against NASCO. Under these circumstances, NASCO contends that Attain should not recover attorney fees attributable to the pursuit of its claims against all three defendants. The Court disagrees. Attain's motion for summary judgment sought the Court's ruling that Attain was not obligated to defend or indemnify Tribal or NASCO in an action brought by Lawson's personal representative. Furthermore, the Judgment [Doc. No. 66] entered in favor of Attain expressly states that judgment is entered in favor of Attain and against "Defendants Tribal Construction Company, Native American Services Corp., and Milissa Lawson, Personal Representative of the Estate of Jason Lawson." Judgment [Doc. No. 66]. Moreover, the issues argued by Attain apply equally to Tribal, and NASCO's counterclaim and its arguments in support of its summary judgment motion also applied to Tribal. The Court finds that the attorney fees expended should not be separated into fees incurred against the individual defendants.

Additionally, NASCO argues that any award must be limited to the fees incurred during the time period following the filing of the wrongful death action in August of 2012. Again, the Court disagrees. The record in this case reflects that, although Milissa Lawson did not file the wrongful death action until 2012, she provided a July 12, 2011 written notice to NASCO and Tribal of her intent to sue. *See* Attain summary judgment motion [Doc. No. 46], Exs. 8-9, Order [Doc. No. 65] at p. 8. After NASCO and Tribal notified Attain of Ms. Lawson's intent, Attain filed this declaratory judgment action.

Having determined that Atain, as the prevailing party in this action, is entitled to a reasonable attorney fee, the Court must determine the proper fee award. Where a party opposing a requested fee asserts factual disputes regarding the amount requested, an evidentiary hearing is the preferred procedure for determining the proper fee. *Hutchinson v. Beckworth*, 474 F. App'x 736, 740 (10th

Cir. 2012) (unpublished opinion) (citing *Cramer v. United States*, 47 F.3d 379, 382 (10th Cir. 1995)). Where, however, there is no factual challenge to the amount of the requested fee, the Court has discretion to rely upon affidavits and the record in the case to determine an appropriate fee award. *Id.*; *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773-74 (10th Cir. 1999).

In this case, NASCO does not contest the reasonableness of the hourly rate charged by Atain's attorneys, nor does it argue that the hours incurred are excessive or unnecessary. Instead, its argument is limited to the propriety of an award under these circumstances. Because there is no factual challenge to the amount of time incurred in rendering the services, or the hourly rate charged, the Court need not conduct a hearing.

In support of its motion, Atain submits the affidavit of Sarah J. Timberlake, one of its attorneys of record in this case. Atain motion, Ex. 4. Ms. Timberlake explains the hourly rate charged by all attorneys performing legal work for Atain is $185.00, and a total of 152.8 hours was expended for their services. *Id.* Atain's requested fee is based only on the hourly rate multiplied by the total hours, commonly known as the "lodestar" amount for a reasonable fee. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010). Although the lodestar may be adjusted to account for special circumstances such as the complexity or difficulty of the issues presented, Atain seeks no enhancement in this case.

In her affidavit, Ms. Timberlake states that the $185.00 hourly rate is commensurate with rates charged in the community for similar legal services. Although there is no independent evidence of this statement, NASCO does not challenge the reasonableness of the rate. "Where a district court does not have before it adequate evidence of prevailing market rates, it may use other

7

relevant factors, including its own knowledge, to establish the rate." *Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002).

Based on the Court's experience in addressing similar issues in other cases in this court, the hourly rate of $185.00 is commensurate with standard rates charged. Accordingly, the Court finds the rate to be reasonable.

There is no challenge to the reasonableness or necessity of the total 152.8 hours incurred by Atain's attorneys in this case. Based on the Court's knowledge of the record, including but not limited to the briefs related to the summary judgment motions, the Court finds that the total hours are reasonable. Ms. Timberlake submits with her affidavit an itemized list summarizing the work performed by the attorneys, the dates of performance, the time expended on each item of work, and the resulting hourly charge. Atain motion, Ex. 4. The Court finds that the entries reflect reasonable and necessary legal services performed in this action.

Accordingly, the Court concludes that Atain's motion [Doc. No. 67] for an attorney fee of $28,211.50 should be, and is hereby, GRANTED. Judgment shall enter accordingly.

IT IS SO ORDERED this 17th day of July, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE